**COMP**
SEAN K. CLAGGETT, ESQ.
Nevada Bar No. 008407
WILLIAM T. SYKES, ESQ.
Nevada Bar No. 009916
MATTHEW S. GRANDA, ESQ.
Nevada Bar No. 012753
CLAGGETT & SYKES LAW FIRM
8751 W. Charleston Blvd., Ste. 220
Las Vegas, NV 89117
(702) 655-2346 - phone
(702) 655-3763 – fax
sclaggett@claggettlaw.com
wsykes@claggettlaw.com
mgranda@claggettlaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRANSGLOBAL PRODUCT LICENSING, LLC, | |
| Plaintiff, | CASE NO.: 13-1979 |
| v. | DEPT. NO.: |
| THE TRAVEL HAMMOCK, INC., dba GRAND TRUNK, INC., | |
| Defendant. | |

**COMPLAINT**

COMES NOW, Plaintiff, TRANSGLOBAL PRODUCT LICENSING, LLC, by and through its attorneys, CLAGGETT & SYKES LAW FIRM, and complaining of the Defendant, alleges as follows:

**PARTIES**

1.  Plaintiff, TRANSGLOBAL PRODUCT LICENSING, LLC (hereinafter

"Transglobal" or "Plaintiff") is and, at all times mentioned herein, was a limited liability company, duly formed and existing under the laws of the State of Nevada.

2. Plaintiff is informed and believes, and thereon alleges that Defendant, THE TRAVEL HAMMOCK, INC., dba GRAND TRUNK, INC. (hereinafter "Grand Trunk" or "Defendant") is and, at all times mentioned herein, was a for-profit corporation organized under the laws of the State of Illinois, doing business in the State of Nevada, County of Clark.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant is subject to personal jurisdiction in the District of Nevada (hereinafter the "District"), consistent with the principles of due process and the Nevada Long Arm Statute, because Defendant offers its products for sale in this District, has transacted business in this District, has committed and/or induced acts of patent infringement in this District, and/or have placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## GENERAL FACTUAL ALLEGATIONS

7. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

8.  Plaintiff, Transglobal, is the licensee of all right, title, and interest in U.S Patent No. 7,657,954 B1 (the "'954 Patent"), entitled, "HEAD AND FACE COVERING APPARATUS." The patent is directed toward a U-shaped travel pillow with an attached hood that allows the user's face to be encapsulated by the hood.  A copy of the '954 Patent is attached hereto as Exhibit "1."

9.  On information and belief, Defendant is engaged in the design, manufacture, sale offering for sale, importation into, use, and/or sale after importation into the United States specifically the State of Nevada, a product entitled "Grand Trunk Blackout Pillow," and/or "Travel Pillow-Hooded."  This product is a U-shaped travel pillow with an attached hood that allows the user's face to be encapsulated by the hood.

10. Upon information and belief, the Defendant sells the "Travel Pillow-Hooded" via the following website: http://store.grandtrunkgoods.com/blackout-hooded.  Upon information and belief, the Defendant has sold the "Travel Pillow-Hooded" to residents of the State of Nevada, has marketed the "Travel Pillow-Hooded" to residents of Nevada, and/or has shipped and/or imported the "Travel Pillow-Hooded" into the State of Nevada.

11. Upon information and belief, the Defendant sells the "Grand Trunk Blackout Pillow" via Skymall, Inc., to include the following online Skymall, Inc. website: http://www.skymall.com/grand-trunk-blackout-pillow/HTP.html.  Upon information and belief, the Defendant has sold the "Grand Trunk Blackout Pillow" to residents of the State of Nevada, has marketed the "Grand Trunk Blackout Pillow" to residents of Nevada, and/or has shipped and/or imported the "Grand Trunk Blackout Pillow" into the State of Nevada.

///

///

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF U.S PATENT NO. 7,657,954

12. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

13. On February 9, 2010, United States Patent No. 7,657,954 B1 was duly and legally issued to Gwen Bunkers, and is valid and subsisting.

14. On or about June 10, 2013, Gwen Bunkers licensed the complete rights under the '954 Patent to Plaintiff.

15. Plaintiff is informed and believes, and thereon alleges, that the Defendant, in violation of 35 U.S.C. § 271(a), has been and is currently infringing and/or inducing infringement of, and/or contributorily infringing the '954 patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products and/or services that are covered by at least claims 1-3 of the '954 patent, including, by way of example and not limitation, products being sold as the "Grand Trunk Blackout Pillow" and/or "Travel Pillow-Hooded."

16. On or about June 13, 2013, Plaintiff sent notice to the Defendant that it was infringing upon the '954 Patent. Upon information and belief, the Defendant continues to infringe upon the '954 Patent and that this infringement has been and continues to be willful.

17. Unless enjoined by this Court, the Defendant will continue to infringe the '954 patent.

18. That it has been necessary for the Plaintiff to retain counsel to prosecute this claim and it is entitled to a reasonable attorney's fee and costs of suit incurred.

WHEREFORE, Plaintiff, herein, expressly reserving the right to amend this Complaint up to and including the time of trial to include all items and amounts of damages not yet

specifically ascertained, prays this Court for judgment against the Defendant, as follows:

    1. For a judgment declaring that Defendant has infringed the '954 Patent;

    2. For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement of the '954 Patent, together with interest and costs, and in no event less than a reasonable royalty;

    3. For a judgment awarding Plaintiff treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement;

    4. For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

///

///

///

///

///

///

///

///

///

///

///

///

///

///

5. For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C § 283, enjoining the Defendant, and its directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of the foregoing, from further acts of infringement of the patents at issue in this litigation; and

6. For such other and further relief as the Court deems just and proper.

Dated this 29th day of October, 2013.

        CLAGGETT & SYKES LAW FIRM

        /s/: Sean K. Claggett

By:_____
   SEAN K. CLAGGETT, ESQ.
   Nevada Bar No. 008407
   WILLIAM T. SYKES, ESQ.
   Nevada Bar No. 009916
   MATTHEW S. GRANDA, ESQ.
   Nevada Bar No. 012753
   8751 W. Charleston Blvd., Ste. 220
   Las Vegas, NV 89117
   (702) 655-2346 – Telephone
   (702) 655-3763 – Facsimile
   sclaggett@claggettlaw.com
   wsykes@claggettlaw.com
   mgranda@claggettlaw.com

*Attorneys for Plaintiff*